# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 4, 2010

## STATE OF TENNESSEE v. DESHAWN GAIL LEIGER

**Direct Appeal from the Circuit Court for Dyer County**
**No. C07-41      Lee Moore, Judge**

---

**No. W2009-02099-CCA-R3-CD  - Filed August 17, 2010**

---

The defendant, Deshawn Gail Leiger, appeals from the revocation of her community corrections sentence, claiming that the trial court erred by ordering that she serve her sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

James E. Lanier, District Public Defender, and Patrick R. McGill, Assistant Public Defender, Dyersburg, Tennessee, for the appellant, Deshawn Gail Leiger.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 26, 2008, the defendant pled guilty to attempt to obtain possession of a controlled substance by fraud, a Class D felony.  Pursuant to the plea agreement, the trial judge sentenced the defendant to ten years as a Range III, persistent offender.  The court ordered the sentence to run consecutive to "all prior sentences and/or parole revocations" and for the defendant to serve her sentence in community corrections "upon expiration of sentence presently serving."   The defendant begin serving her community corrections sentence on July 28, 2008.

A violation report was filed by the defendant's community corrections supervisor on March 19, 2009, alleging the defendant had absconded from supervision and was in violation of Rules Nos. 2, 4, 9 and 12 of her contract with community corrections. The trial court issued a capias for the defendant's arrest.

A revocation hearing was held on September 1, 2009. The trial court revoked the defendant's community corrections sentence and ordered the defendant to serve her ten-year sentence in confinement. The defendant filed a timely notice of appeal on October 1, 2009.

Revocation Hearing

At the revocation hearing, Darryl McElrath was the first witness to testify on behalf of the state. Mr. McElrath testified on direct examination that he was the defendant's probation officer and that he filed a Community Violation Report on March 19, 2009. Mr. McElrath stated that the defendant had violated Rules Nos. 2, 4, 9, and 12 by her (1) failure to remain at home while under house arrest, (2) make payments to the court, (3) report as directed, (4) contact her case officer before changing residence and (5) for absconding. Mr. McElrath testified that his last contact with the defendant was on January 22, 2009, and that he did not know the defendant's whereabouts. Mr. McElrath stated that he received a fax in April of 2009 stating the defendant was in custody in Texas. Mr. McElrath was unsure of the defendant's exact charges in Texas, but stated that the absconding was a violation of her house arrest.

On cross examination, Mr. McElrath acknowledged that the defendant started out keeping her appointments when released from jail and was working at Pizza Hut. Mr. McElrath was not aware of the defendant ever attending any type of rehabilitation program and had no knowledge of the defendant having a substance abuse problem. Mr. McElrath stated that he had screened the defendant several times for drugs and that defendant had passed her drug screens prior to absconding.

The defendant testified that she was guilty of violating the rules as stated by Mr. McElrath. The defendant stated that she started doing drugs again, "shooting cocaine and smoking crack." The defendant stated that she started using drugs before she left probation, but that she would clean up before going to see Mr. McElrath. The defendant stated that "I just got really bad and I just couldn't function at all. I mean I didn't want to do anything but the dope." The defendant stated that she began using drugs when she was 27 years old and that drugs had been a problem ever since. The defendant stated that she had tried to quit using drugs but could not. The defendant testified that she had not attended any type of rehabilitation facility in the past, but was interested in attending a rehabilitation program. The defendant stated she had a felony charge for theft in Crockett County and that she had

a rehabilitation agreement there. The defendant further stated that "I would just hope that he [the Judge] would agree to let me get help of some type."

At the conclusion of the proof being presented and hearing from the parties, the trial court acknowledged that the defendant may have a drug problem. The court expressed its concern that the defendant had a prior conviction for a violent crime and "some other crimes that are right on the edge of being violent" and had absconded. Further, the court expressed its concern that the defendant would not have been in court except for getting arrested in Texas. The trial court further stated its reservation regarding a possible furlough to a rehabilitation program.

The trial court proceeded to revoke the defendant's community corrections sentence and ordered her to serve her sentence in confinement. The defendant filed a notice of appeal on October 1, 2009.

**ANALYSIS**

In this appeal, defendant argues that the trial court erred by ordering that she serve her sentence in confinement. We consider the defendant's claim based upon well-settled principles with this court.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311; *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn.2001). After finding a violation of probation and determining that probation should be revoked, a trial judge may: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-34-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647 -48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Pursuant to T.C.A. § 40-36-106(e)(4), upon a finding that a defendant has violated the conditions of his agreement, a trial court retains the authority to revoke a defendant's placement in a community corrections program and to cause execution of the original judgment as it was entered. Revocation proceedings for community corrections are conducted pursuant to T.C.A. § 40-36-106(3)(B). Revocation of probation or a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion is shown if the record is devoid of substantial evidence to support the conclusion that a violation of probation has occurred. *Id.* The evidence at the revocation

hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The trial court must issue a statement setting forth the evidence and factors relied upon in making the determination to revoke probation. The trial court's findings may be written or oral, a statement in some form must be made. *State v. Delp*, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1980).

In the case herein, the trial court stated its reasons for revocation. Specifically, the trial court found the defendant had prior convictions of "a violent nature or on the edge of being violent." The defendant had at least six prior convictions of concern as stated by the trial court and listed on her Notice of Impeaching Convictions, to wit: two counts of aggravated burglary, facilitation of especially aggravated burglary, facilitation of aggravated robbery, felony theft, and forgery. The defendant violated the rules of her house arrest, failed to report as directed and absconded only later to be arrested in Texas.

The trial court herein was presented with more than adequate testimony from the defendant herself to support the revocation. The trial court, while acknowledging that the defendant may have a drug problem, noted its concern for the community as well.

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision.

Considering the nature of the defendant's prior convictions, extensive and continuous drug use, her absconding and history of not abiding by the rules and regulations while on community corrections, the trial court did not abuse its discretion in making this decision.

Conclusion

Accordingly, the order of revocation entered by the trial court in this case is affirmed.

_____
J.C. McLIN, JUDGE